JOAQUÍN PÉREZ VALDIVIESO y TORRUELLA, demandante y apelado, *v.* JOSEFA LEÓN Y LEÓN, demandada y apelante.

Núm. 7456.—*Sometido:* Noviembre 2, 1937. *Resuelto:* Enero 19, 1938.

*José A. Poventud* y *Alberto S. Poventud,* abogados de la apelante; *Fernando B. Fornaris* y *Raúl Matos,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 23 de enero de 1936 se radicó en este caso en la Corte de Distrito de Ponce una demanda enmendada que copiada a la letra en lo pertinente dice:

"1. Que el demandante Joaquín Pérez Valdivieso y Torruella y la demandada Josefa León y León son casados entre sí, residentes en Ponce, Puerto Rico, y han vivido siempre en esta Isla de Puerto Rico.

"2. Que el demandante y la demandada contrajeron matrimonio en Ponce, Puerto Rico, el día 1º. de junio de 1898, el que no ha sido disuelto ni anulado en forma alguna hasta la fecha.

"3. Que en dicho matrimonio no existen hijos.

"4. Que desde el mes de marzo de 1926 ha existido y existe una separación completa y absoluta de ambos cónyuges en su vida matrimonial, sin interrupción de clase alguna."

Declarada sin lugar la excepción previa de falta de hechos suficientes para aducir una causa de acción que contra ella formulara, la demandada el 23 de junio siguiente contestó como sigue:

"1. Admite los hechos 1, 2 y 3 de dicha demanda enmendada.

"2. Asimismo acepta lo expuesto en el hecho cuarto de la demanda enmendada; pero alega que la aludida separación matrimonial entre actor y demandada ocurrió porque el demandante dejó la casa u hogar conyugal con motivo de haber desatendido el pago de su alquiler.

"Y, como materia separada en oposición y defensa a la demanda enmendada, se alega:

"(A) Que la predicha demanda enmendada no aduce hechos suficientes para constituir causa de acción:

"I. Porque según la propia demanda enmendada, la alegada separación conyugal por siete años inicióse desde marzo de 1926, habiendo transcurrido dicho período de tiempo con antelación a la Ley núm. 46, aprobada por la Legislatura de Puerto Rico en mayo 9, 1933, en la cual descansa la presente acción.

"II. Porque a la Ley núm. 46, aprobada en mayo 9, 1933, en que se funda la pretendida acción ejercitada, no puede atribuírsele efecto retroactivo debido a que dicho estatuto enmendatorio carece de declaración alguna sobre retrospectividad.

"III. Porque al disponerse expresamente que dicha Ley núm. 46, de mayo 9, 1933, empezaría a regir a los noventa días después de su aprobación, legislativamente diósele efectos prospectivos.

"IV. Porque de aplicarse retroactivamente en este caso la Ley núm. 46, de mayo 9, 1933, no sólo se violentarían sus propios términos, sino que dicho estatuto sería inconstitucional y nulo por contravenir entonces el artículo 34, párr. 6, de la Ley Orgánica para Puerto Rico de marzo 2, 1917.

"V. Y porque de aplicarse la preindicada Ley núm. 46, de mayo 9, 1933, al caso de autos, en el que según la demanda el término de la alegada separación entre los cónyuges ocurrió con antelación a su vigencia, convertiríase el susodicho estatuto en inconstitucional e inválido, ya que en ese evento resultaría ser legislación *ex post facto,* contraria al artículo 2, párr. 8, de la vigente Ley Orgánica, aprobada por el Congreso de los Estados Unidos para Puerto Rico en marzo 2, 1917, y a la sección 9, cláusula 3 (artículo 1), de la Constitución de los Estados Unidos."

Llamado el pleito para juicio el 20 de julio, 1936, el demandante presentó en evidencia la partida del matrimonio celebrado entre él y la demandada en junio 1, 1898, y la siguiente prueba testifical:

"Don Joaquín Pérez Valdivieso y Torruella, bajo juramento declaró: que es el demandante en este caso y está casado con doña Josefa León y León, la demandada; que tanto él como la demandada han residido siempre en la ciudad de Ponce; que ambos contrajeron matrimonio en primero de junio de 1898, matrimonio en el cual no han tenido hijos; que no viven juntos y han estado separados sin interrupción desde marzo de 1926 y continúan así hasta la fecha; que en ese año de 1926, y para el indicado mes, se fué a vivir a casa de su hermana, doña Ascención Pérez Valdivieso y Torruella, en su hogar frente a la Plaza Muñoz Rivera, de Ponce, Puerto Rico; que desde el mes de marzo de 1926, no le ha dirigido la palabra a la demandada ni ha tenido relaciones de ninguna especie con ella; y que su matrimonio con la demandada no ha sido anulado ni disuelto en forma alguna hasta la fecha.

"Doña Ascención Pérez Valdivieso y Torruella, bajo juramento dijo: que se llama como queda dicho; que es mayor de edad y hermana del demandante; que conoce al demandante y a la demandada, quienes son casados entre sí; que no han tenido hijos durante

su matrimonio; que dichos consortes no viven juntos, por haber estado separados desde marzo 1926, sin interrupción alguna; y al ser interrogada por el abogado del demandante si sabía si el actor y la demandada se hablaban contestó: 'no se hablan'; que no tienen relaciones de ninguna especie desde la fecha en que se separaron hasta el día de hoy; que el demandante reside en casa de la testigo, frente a la Plaza de Las Delicias o Muñoz Rivera, de Ponce, desconectado completamente de la demandada, quien vive en su propia casa, también en Ponce; que son dos casas completamente distintas y separadas; que desde la indicada fecha de marzo, 1926, el demandante no vive con su esposa; que tanto el demandante, como la demandada, han residido siempre en la ciudad de Ponce, Puerto Rico; y que el matrimonio del demandante y la demandada no ha sido anulado ni disuelto en forma alguna hasta la fecha.

"Y Don Juan Torruella Fornaris, bajo juramento, substancialmente declaró lo manifestado por la anterior testigo, Doña Ascención Pérez Valdivieso y Torruella, y, además, hizo constar que él había facilitado al demandante una maleta para trasladarse del hogar conyugal a casa de su hermana, la testigo antes mencionada, habiéndole ayudado al demandante a preparar su mudanza."

La demandada no presentó prueba y la corte el 10 de octubre siguiente dictó sentencia decretando el divorcio, declarando a la demandada cónyuge inocente con todos los derechos inherentes a tal condición, de acuerdo con la ley que invocó el demandante y que la corte consideró aplicable.

Contra esa sentencia se interpuso el presente recurso de apelación. Cinco errores señala la apelante que argumenta en un alegato de ochenta páginas y que la parte contraria rebate en otro de ciento treinta y una, ambos alegatos notables no sólo por la jurisprudencia que acopian y analizan si que por los razonamientos originales que contienen.

Los hechos, como hemos podido ver, son claros y sencillos: Un matrimonio celebrado hace cerca de cuarenta años cuya disolución pide el marido por haber estado separados ambos cónyuges por completo desde marzo de 1926, o sea, desde más de siete años con anterioridad a la interposición de su demanda, de acuerdo con lo dispuesto en el artículo 164 del

Código Civil (96 de su edición de 1930), tal como quedó enmendado por la Ley núm. 46 de 9 de mayo de 1933, a saber:

"Sección 1.—El artículo 164 del Código Civil de Puerto Rico, queda enmendado por la presente de la siguiente manera:

" 'Artículo 164.—Las causas de divorcio son:

" '1. Adulterio de cualquiera de los cónyuges.

" '2. La condena de uno de los cónyuges por delito grave que lleve aparejada la pérdida de los derechos civiles.

" '3. La embriaguez habitual o el uso continuo y excesivo de opio, morfina o cualquier otro narcótico.

" '4. El trato cruel o las injurias graves.

" '5. El abandono de la mujer por su marido o del marido por su mujer, por un término mayor de un año.

" '6. La impotencia absoluta perpetua e incurable sobrevenida después del matrimonio.

" '7. El conato del marido o de la mujer para corromper a sus hijos o prostituir a sus hijas, y la connivencia en su corrupción o prostitución.

" '8. La propuesta del marido para prostituir a su mujer.

" '9. La separación de ambos cónyuges por un período de tiempo sin interrupción de más de siete (7) años. *Disponiéndose,* que probada satisfactoriamente la separación por el expresado tiempo de más de siete (7) años, al dictarse sentencia siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio.'

"Sección 2 .—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Sección 3.—Esta Ley empezará a regir a los noventa días después de su aprobación."

Y la cuestión a estudiar y a resolver es la de si la ley invocada y aplicada es o no la reguladora del caso. Si lo es, el divorcio decretado se sostiene, y si no, la sentencia apelada debe revocarse declarándose la demanda sin lugar.

 Alega la parte apelante que la ley de que se trata no puede regular el caso porque no es retroactiva sino prospectiva, esto es, la dicha parte sostiene que la nueva causal de divorcio—separación de ambos cónyuges por un período de tiempo de más de siete años sin interrupción—no puede aplicarse sino a partir de la enmienda de 1933 y por tanto

no comprende los hechos de este caso. De acuerdo con la teoría de la parte apelante la enmienda del 1933 sólo podría aplicarse de hecho en 1940, no obstante haberse dispuesto por el legislador que la ley comenzaría a regir noventa días después de su aprobación.

Tras un estudio cuidadoso de todas las cuestiones suscitadas y tratando de limitar nuestra opinión al punto que consideramos substancial, entendemos que el demandante pudo invocar la enmienda de 1933 y que la corte actuó correctamente al aplicarla. La nueva causal de divorcio de que se trata se decretó por el legislador para regir con todos sus efectos a partir de la vigencia de la ley, o sea, noventa días después de la fecha de su aprobación que la fué el 9 de mayo de 1933. Leyes de 1932–1933, pág. 307.

Ello surge de sus propios términos. "Las causas de divorcio *son* . . ." dijo el legislador, y las enumeró seguidamente todas, sin hacer distinción alguna entre ellas, estando la interpretación de que la nueva causal se decretó para regir inmediatamente sostenida por las disposiciones transitorias del propio cuerpo legal enmendado, la primera de las cuales dice:

"Las variaciones introducidas por las reformas hechas en el código civil que perjudican derechos adquiridos según la legislación civil anterior no tendrán efecto retroactivo.

"Para aplicar la legislación que corresponda en los casos que no están expresamente determinados en el código revisado, se observarán las reglas siguientes:

"1. Se regirán por la legislación anterior al código revisado los derechos nacidos, según ella, de hechos realizados bajo su régimen, aunque dicho código los regule de otro modo o no los reconozca. Pero si el derecho apareciere declarado por primera vez en el código civil revisado, tendrá efecto desde luego, aunque el hecho que lo origine se verificare bajo la legislación anterior, siempre que no se oponga o perjudique a otro derecho nacido o adquirido al amparo de dicha legislación anterior." Código Civil de Puerto Rico (ed. de 1930) pág. 390.

Una situación semejante surgió cuando entró a regir el Código Civil Revisado en 1902. El legislador puertorriqueño creó nuevas causas de divorcio y sus disposiciones se aplicaron inmediatamente aunque los hechos que las originaran hubieran tenido lugar bajo la legislación anterior.

Y es que la institución del matrimonio, su celebración, régimen y disolución, son cuestiones de interés público que los pueblos por medio de sus gobiernos se han reservado siempre el poder de regular con entera libertad.

Como dijo la Corte Suprema de los Estados Unidos por medio de su Juez Presidente Marshall en el caso de *Trustees of Dartmouth College* v. *Woodward,* 17 U. S. 517, 587, 598, 628:

"Los demandantes sostienen, en segundo lugar, que las leyes en cuestión son contrarias a la sección décima del artículo primero de la Constitución de los Estados Unidos. Las palabras pertinentes de esa sección son: 'Los Estados no aprobarán ningún proyecto de ley sobre condena sin formación de juicio, ni leyes *ex post facto* o que menoscaben las obligaciones de los contratos.' . . .

"Holmes, como abogado del demandado en el recurso de error, sostiene que la prohibición contenida en la Constitución de los Estados Unidos, que por sí sola da jurisdicción a este tribunal en el presente recurso, no se extiende a los poderes políticos, a contratos relativos a las funciones gubernamentales internas ni al poder de policía de un estado soberano. Tampoco se extiende a contratos que se relacionan meramente con cuestiones de institución civil, aun de naturaleza privada. Así pues, el matrimonio es un contrato, y de índole privada; pero relacionándose meramente con una cuestión de institución civil, que toda sociedad tiene la facultad inherente de reglamentar según su sano criterio, no puede considerarse que cae dentro del espíritu de esta cláusula prohibitoria. Los divorcios indudablemente menoscaban la obligación del contrato nupcial; alteran las relaciones del estado matrimonial, sin el consentimiento de ambas partes, y caen claramente dentro de la letra de la prohibición. Pero de seguro, nadie sostendrá que esta cláusula mística de la Constitución prohibe a los Estados el conceder divorcios, poder que es peculiarmente apropiado a la legislación doméstica, y que ha sido ejercitado en todas las épocas y en todas las naciones en que la civili-

zación ha producido esa corrupción de conducta que, desgraciadamente, exige este remedio . . . ·

". . . Este precepto de la Constitución nunca ha sido interpretado en el sentido de que comprende otros contratos que no sean aquéllos que envuelven bienes, o algún objeto de valor, y que confieren derechos que pueden ser determinados en una corte de justicia. Nunca se ha interpretado en el sentido de que restringe el derecho general del poder legislativo a legislar sobre la cuestión de divorcio. Esas leyes permiten a algunos tribunales, no menoscabar el contrato matrimonial, sino liberar a una de las partes, porque el mismo ha sido quebrantado por la otra."

Y como expresa Bishop en su tratado sobre "Marriage and Divorce," vol. 1, sec. 1480:

"Los estatutos de divorcio están dirigidos a la moral pública. Si se considerare que el interés envuelto es público, resulta provechoso y en bien del orden público que se disuelva el matrimonio una vez cometida determinada falta, no importa la fecha de su comisión, o si se incurrió en ella·antes o después de aprobarse el estatuto. En su consecuencia, cuando la intención legislativa no aparece claramente de su contexto, éste debe aplicarse con igual fuerza tanto a transacciones pasadas como futuras."

Parece conveniente citar por último siquiera una de las varias decisiones de la Corte Suprema de Louisina resolutorias de casos que guardan con éste estrecha relación. Escogeremos la de *Hava* v. *Chavigny,* 143 La. 366, que dice en lo pertinente lo que sigue:

"Se sostiene, en apoyo de la excepción, que la ley sólo se refiere al futuro, que no es retroactiva en sus efectos en manera alguna, y que no abarca a personas casadas cuando estén viviendo separadas por espacio de siete años o más antes de la aprobación de la ley. Ese mismo punto fué planteado y resuelto adversamente en el caso de *Hurry* v. *Hurry,* 141 La. 954, 76 South. 160.

"La ley dispone que un pleito de divorcio puede ser entablado, desde luego, después de la aprobación de la ley por la causal en ella indicada. No trata de legislar en relación con un pleito instruído antes de su aprobación; y el presente recurso fué iniciado luego de aprobarse la ley. La ley no es retroactiva a ese respecto.

"En el caso de Hurry se resolvió que el contexto de la ley es claro e inequívoco y que debe dársele efecto al mismo. La ley en su sección primera dispone:

" 'Que cuando personas casadas han estado viviendo separadas por espacio de siete años o más, cualquiera de ellas podrá solicitar . . . un divorcio absoluto,' etc.

"Habiendo alegado el demandante en su petición que él y su esposa 'han estado viviendo separados por espacio de siete años o más' con anterioridad a la radicación de la demanda, según la ley, se ha alegado una causa de acción de divorcio.

"La Ley núm. 269 contiene una causa de divorcio adicional a las mencionadas en los artículos del Código Civil y las enmiendas al mismo; y no provee que los siete años o más en que han estado separadas las personas casadas deban ser posteriores a su aprobación. Por el contrario dispone que 'cuando personas casadas han estado viviendo separadas por espacio de siete años o más,' cualquiera de ellas podrá solicitar el divorcio.

"En su razonamiento para sostener la excepción de que la demanda no aducía causa de acción, el juez de la corte inferior sostiene que en la demanda no se alegaba que el demandante no hubiera incurrido en falta alguna, ni que hubiera cumplido o estuviese dispuesto a cumplir con los deberes impuéstosle por el contrato matrimonial. Sin embargo, la ley núm. 269 no menciona esta alegación. La ley no impone otra condición en lo que a su cumplimiento se refiere que aquélla de que las partes hayan estado viviendo separadas por espacio de siete años o más. La alegación de que él no había cometido falta alguna era, por ende, innecesaria para sostener la causa de acción en este caso. *Raymond* v. *Carrano,* 112 La. 869, 36 South. 787.

"En un alegato complementario, la demandada altera el fundamento aducido y dice:

" 'Radicamos una excepción de falta de causa de acción, que iba dirigida tácitamente a la constitucionalidad de la ley.'

"La demandada cita el artículo 166 de la Constitución al efecto de que:

" 'No se aprobará ninguna ley *ex post facto* ni ninguna ley que menoscabe las obligaciones de los contratos o que despoje de derechos adquiridos,' etc.

"La Ley núm. 269 no es un estatuto penal; no es una ley *ex post facto;* y no menoscaba la obligación de los contratos. Dispone la disolución del matrimonio una vez celebrado tal contrato, por una

causa que surja con posterioridad a la fecha en que se celebró el mismo. Por ello no menoscaba las obligaciones de las partes contratantes. La disolución del matrimonio operará como una disolución de la sociedad de gananciales existente entre los esposos, y cada uno de ellos recibirá su participación; mas la demandada no será despojada de sus derechos al disolverse la sociedad. Ella recibirá la parte que le corresponda. La ley es constitucional.''

También es constitucional la ley de Puerto Rico tal como fué decretada y ha sido invocada y aplicada en este caso. Los errores que la parte apelante señala no se cometieron, a nuestro juicio. Nuestra Carta Orgánica no ha sido infringida.

En 1933 nuestra Legislatura en su sabiduría estimó que los matrimonios cuyos cónyuges hubiesen estado separados por más de siete años continuos podían disolverse por los tribunales de justicia por sentencia de divorcio, sin tener que investigarse cuál de ellos era el culpable, debiendo siempre considerarse como inocente a la mujer con todos los derechos inherentes a esa condición como consecuencia del divorcio. Y como las alegaciones y las pruebas demuestran que ése es aquí el caso, *debe declararse el recurso interpuesto sin lugar y confirmarse la sentencia de la corte de distrito que disolvió el matrimonio existente entre las partes.*

El Juez Asociado Señor Córdova Dávila no intervino.