ALBERTO NÚÑEZ, demandante y apelante, *v.* JOSEFA LÓPEZ, demandada y apelada.

Núm. 8652.—*Sometido:* Junio 18, 1943. *Resuelto:* Noviembre 8, 1943.

*Diego O. Marrero* abogado del apelante; *Géigel & Silva,* abogados de la apelada.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda interpuesta en este caso, Alberto Núñez alega que en fecha 2 de marzo de 1914 contrajo matrimonio con la demandada en la ciudad de San Juan; que allá para el mes de marzo de 1934 el demandante y la demandada se separaron; que desde esa fecha han mantenido ese estado de separación, sin que haya mediado entre ellos relaciones maritales de clase alguna; y que ni el uno ni el otro se han ausentado de la Isla durante el año precedente a la interposición de la demanda.

La demandada contestó aceptando todos los hechos alegados, con excepción de los referentes a la separación de los cónyuges, los cuales negó específicamente.

El 13 de octubre de 1942 se celebró la vista del caso. El demandante ocupó la silla testifical, y en apoyo de su demanda declaró, en síntesis, como sigue:

Que desde hace más de ocho años no vive con la demandada; que se separó de ella en el mes de febrero de 1934, saliendo de su casa situada en el Barrio Obrero en San Juan y yéndose a vivir al Hotel Guayama en donde permaneció hasta el mes de octubre de 1936, fecha en que montó su residencia en Arecibo; que durante ese tiempo él continuó viajando por diversos pueblos de la Isla como representante de los cigarrillos "Lucky Strike" y que cuando regresaba a San Juan dormía siempre en el Hotel Guayama hasta que volvía a salir para la isla; que se trasladó a Arecibo a una colocación con Manuel Oliver hasta el 1937 que entró a trabajar con la casa de Portela, en donde ha estado trabajando hasta el presente; que en Arecibo montó casa desde el mes de octubre de 1936; que en el año 1940 se fué a vivir a una casa

en el barrio de Buenos Aires en Arecibo, que es la que ocupa actualmente; que durante todo ese tiempo él no ha vivido con su esposa, quien ha continuado viviendo en San Juan en el mismo sitio en que vivía al efectuarse la separación.

Repreguntado por el abogado de la demandada, el demandante declaró que cuando él se fué a vivir a Arecibo montó casa y la amuebló, viviendo en ella bastante tiempo, solo, hasta que fué a vivir con él la familia de doña Encarnación Lugo, a quien él alquiló parte de la casa; que después se mudó a otra, mudándose también la familia de doña Encarnación Lugo. Declaró además, que doña Encarnación es soltera y madre de tres hijas y un hijo; que con ella vive una hija llamada Rosa María; que Rosa María es madre de dos niños. Preguntado si conocía al padre de esos niños se opuso el abogado del demandante, haciendo constar que no se trataba de un pleito de filiación y sí de divorcio por separación de más de siete años. La corte ordenó al testigo contestar la pregunta, su abogado tomó excepción, teniendo lugar entonces el siguiente diálogo:

"Señor Juez: P.—Conteste.
R.—Lo conozco.
P.—¿Quién es el padre?
R.—Yo mismo.
P.—¿Usted vive con la hija de doña Encarnación?
R.—Sí, señor.
P.—¿Y han tenido dos hijos en esas relaciones?
R.—Sí señor.
P.—¿Qué edad tiene la mayor?
R.—El mayor cumplió cuatro años el pasado mes y el menor tres años.''

Después de un receso el tribunal inferior se expresó en la forma siguiente:

"Entiende el Tribunal que después de esa declaración suya no vale la pena continuar viendo este caso y procede que la demanda sea declarada sin lugar. Nuestro Tribunal Supremo, en caso de *Fernández v. Hernández,* 8 D.P.R. 243, dijo lo siguiente hace muchos años: 'el cónyuge que ejercita la acción trascendental de divorcio

que ha de romper el vínculo matrimonial y destruir el hogar que nació por el mutuo amor y en donde existen hoy hijos inocentes, debe estar limpio de toda culpa y debe ser una verdadera víctima que agotó todos los medios amistosos para detener el mal en su origen.' Es un deber de la Corte, a moción propia, denegar el divorcio cuando surge de la evidencia, aunque no se haya establecido como defensa, que el demandante ha cometido actos recriminatorios, ya que el divorcio es un remedio en beneficio del cónyuge inocente contra el culpable, y si ambos son culpables, no debe concederse. La doctrina de recriminación descansa en la bien conocida máxima de equidad que dice: 'El que pida equidad debe hacerlo con las manos limpias.' 9 R.C.L. pág. 392, pár. 185; 19 C. J. pág. 93, pár. 219.

''Como regla general, la defensa de recriminación es una defensa que debe ser alegada, pero esta regla no es aplicable cuando de la propia prueba del demandante surge su culpabilidad, siendo el motivo de excepción a dicha regla cuando el propio demandante demuestra al tribunal que está en *pari delicto* y no comparece a la corte con sus manos limpias, en cuyo caso no debe concedérsele el remedio solicitado. *Conant* v. *Conant*, 10 Cal. 249; *Rapp* v. *Rapp*, 58 Atl. 167; *Jones* v. *Jones*, 90 Am. Dec. 607; *Young* v. *Young*, 119 Atl. 92; *Kennerley* v. *Kennerley*, 29 D.P.R. 777; *Redington* v. *Redington*, 2 Colo. App. 8, 29 P. 811 y además el caso de *Chávez* v. *Chávez*, 50 P. (2d) 264.''

Y acto seguido dictó sentencia declarando sin lugar la demanda y condenando al demandante al pago de las costas más la suma de $50 como honorarios de abogado.

El presente recurso de apelación, interpuesto por el demandante, se basa en siete señalamientos de error. No hemos de discutirlos separadamente, pues en realidad la única cuestión envuelta es la de si en una demanda de divorcio, basada en la separación de los cónyuges durante el período estatutario, puede invocarse la doctrina de recriminación por actos realizados por la parte demandante, con posterioridad a y durante el período de la separación.

En el caso de autos, como hemos visto, la doctrina de recriminación fué invocada por la corte, *sua sponte*, sin que la parte demandada hiciera alegación alguna a ese efecto.

Por la Ley núm. 46 aprobada en mayo 11 de 1933 (Leyes de 1932–33, pág. 305), la Legislatura insular enmendó el artículo 96 del Código Civil (Ed. 1930) para agregar a las ya existentes, una nueva causal de divorcio, a saber:

"9. La separación de ambos cónyuges por un período de tiempo sin interrupción de más de siete (7) años; *Disponiéndose,* que probada satisfactoriamente la separación por el expresado tiempo de más de siete (7) años, al dictarse sentencia siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio."

Y por virtud de la Ley núm. 62 de abril 29 de 1942 ((1) pág. 583), el citado artículo fué nuevamente enmendado en el sentido de reducir a tres años el período de separación que pueda dar lugar al divorcio.

La interpretación y alcance de la citada disposición legal fueron considerados por primera vez por esta Corte Suprema en el caso de *Pérez Valdivieso* v. *León,* 52 D.P.R. 512, en el cual resolvimos:

"En 1933 nuestra Legislatura en su sabiduría estimó que los matrimonios cuyos cónyuges hubiesen estado separados por más de siete años continuos podían disolverse por los tribunales de justicia por sentencia de divorcio, sin tener que investigarse cuál de ellos era el culpable, debiendo siempre considerarse como inocente a la mujer con todos los derechos inherentes a esa condición como consecuencia del divorcio."

Interpretando un estatuto muy parecido al nuestro, la Corte Suprema de Louisiana, en *Hava* v. *Chavigny,* 143 La. 365, se expresó así:

"En sus razonamientos para sostener la excepción de falta de causa de acción, dice el juez que no se ha alegado en la demanda que el demandante esté exento de culpa y que él haya cumplido o esté dispuesto a cumplir sus deberes bajo el contrato matrimonial. Pero esta alegación no se menciona en la Ley núm. 269. La ley no impone otra condición en relación con su aplicación que aquella de que las partes 'hayan vivido separadas y distanciadas por un período de siete años o más'. La alegación de que él estuviera libre de culpa era por tanto innecesaria para sostener la causa de acción en este caso."

Y en *North* v. *North,* 164 La. 293, el mismo tribunal resolvió:

"El estatuto sobre el cual se basa esta acción, introdujo en este Estado una causal de divorcio, nueva e independiente; y ese estatuto no toma en consideración la cuestión de qué causa haya podido motivar o por culpa de quién se efectuó la separación. El único requisito del estatuto, como condición precedente a la concesión del divorcio, es que las partes en realidad y como cuestión de hecho hayan vivido separadas y distanciadas y en distintos domicilios por un período completo de siete años, durante el cual una de las partes por lo menos haya continuado residiendo en este estado."

En *Brooks* v. *Brooks,* 143 S.W. (2d) 1098, la Corte Suprema de Arkansas, interpretando un estatuto similar al nuestro, resolvió que cuando de la evidencia resulta probado que el marido y la mujer han vivido separados y sin cohabitar durante más de tres años consecutivos, el marido tiene derecho a que se decrete el divorcio por él solicitado, aun cuando la mujer se haya visto obligada a separarse de él involuntariamente, por coacción o fuerza. Se resolvió, además, que cuando las condiciones fijadas por el estatuto se han cumplido, es mandatorio para la corte el dictar una sentencia de divorcio a petición de uno de los cónyuges.

Hemos examinado cuidadosamente todos los casos citados por la corte inferior, y aun cuando estamos conformes con la doctrina de recriminación que ellos sostienen, consideramos que los mismos no son de aplicación al caso de autos. En la mayoría de dichos casos se trata de una demanda de divorcio en la que la parte demandante imputa a la parte demandada la realización de uno de los actos reconocidos por la ley como causa suficiente para un decreto de divorcio; y la parte demandada ha contestado la demanda imputando al demandante la realización por su parte de un acto que de acuerdo con la ley daría a la parte demandada el derecho a solicitar un decreto de divorcio a su favor. De acuerdo con la doctrina de "recriminación", se sostuvo en *Rapp* v. *Rapp,* 58 Atl. 167 y en *Young* v. *Young,* 119 Atl. 92, que cuando el

marido ha abandonado a la mujer por un período de tiempo suficiente para que ella pueda pedir el divorcio por la causal de abandono, ese abandono puede ser alegado por ella como una defensa válida y suficiente en contra de la demanda de divorcio incoada por el marido por el adulterio cometido por ella después de vencido el plazo fijado por el estatuto para poder pedir el divorcio por abandono. Y en *Gray* v. *Gray*, 287 N. W. 708, en el que se solicitaba el divorcio por abandono, se resolvió que el adulterio cometido por el demandante durante el período del abandono podía alegarse como recriminación en su contra.

En *Kennerley* v. *Kennerley*, 29 D.P.R. 777, esta Corte Suprema revocó la sentencia por la cual se concedía el divorcio a favor del esposo demandante, resolviendo que el acometimiento y agresión del esposo contra la esposa y la intimidad de aquél con otra mujer, constituyen la defensa de recriminación por trato cruel que hace ineficaz la acción de divorcio por trato cruel ejercitada por el esposo.

La defensa de recriminación está basada en el principio de que "el divorcio es un remedio para beneficio de uno de los esposos agraviados que no ha sido la causa voluntaria y determinante de los actos en que se funda para invocarlo." *Boeck* v. *Boeck* (Idaho), 161 Pac. 576. Schouler, *Marriage & Divorce*, etc. §1724.

En los casos de divorcio, como el presente, basados en la separación de los cónyuges, sin interrupción, por el tiempo fijado en el estatuto, el demandante no imputa a la demandada la comisión de acto alguno que al ser probado dé derecho al demandante a que se dicte sentencia a su favor. La separación que da derecho al divorcio no es, como lo es el abandono, el adulterio o el trato cruel, el acto personal, individual y exclusivo de uno de los cónyuges. El estatuto asume que las partes han vivido separadas como consecuencia del mutuo propósito de hacerlo así. *Messick* v. *Messick*, 177 Ky. 337, 197 S. W. 792.

El propósito y la intención del legislador al aprobar el estatuto que estamos examinando se desprenden del lenguaje claro y terminante en que está redactado. Probado a satisfacción de la corte que los cónyuges han vivido separados por más de siete años—o por más de tres años según la última enmienda—es deber de la corte decretar el divorcio. Y que el legislador ha querido que en casos de divorcio por la causal de separación no se investigue cuál de los dos cónyuges ha sido el causante de la separación, se desprende claramente de la disposición de que "al dictarse sentencia siempre se considerará como cónyuge inocente a la mujer."

Siendo la intención legislativa que en casos de la naturaleza del presente no debe investigarse cuál de los cónyuges fué el culpable de la separación, la corte inferior erró al obligar al demandante, en contra de la objeción formulada por su abogado, a declarar en cuanto a la paternidad de los niños de Rosa María Lugo; y erró igualmente al desestimar la demanda.

*No habiéndose permitido al demandante terminar la presentación de su prueba, ni dádose a la demandada una oportunidad de practicar la suya, es procedente que revoquemos la sentencia recurrida y que devolvamos el caso a la corte de su procedencia para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.