José Cot Santiago, demandante y apelado, *v.* Ada F. Emanuelli Betances, demandada y apelante.

Núm. 9083.—*Sometido:* Febrero 19, 1945.—*Resuelto:* Marzo 9, 1945.

*Leopoldo Tormes García,* abogado de la apelante; *Raúl Matos,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El artículo 96 del Código Civil, según fué enmendado por la Ley número 62, Leyes de Puerto Rico, 1942 ((1) pág. 583), provee como una de las causas para el divorcio la separación de ambos cónyuges por un período de tiempo sin interrupción de más de tres años. El 18 de agosto de 1943 José Cot Santiago radicó demanda de divorcio contra su esposa Ada F. Emanuelli Betances, alegando que habían estado separados por un período de tiempo de cinco años sin interrupción. La demandada contestó, negando la separación e interponiendo ciertas defensas especiales. Después de un juicio en los méritos, se dictó sentencia concediendo el divorcio. La demandada apeló de dicha sentencia. El demandante solicita se desestime su apelación por frívola. En la vista de la moción de desestimación, las partes sometieron el caso en sus méritos.

La apelante ataca la constitucionalidad del artículo 96 según ha sido enmendado; e insiste en que la corte de distrito cometió error al eliminar su defensa especial de recriminación por la cual se alegaba que durante varios años con anterioridad a la radicación de la demanda el demandante vivía en abierto y notorio adulterio con otra mujer, con quien había procreado dos hijos adulterinos.

Hemos resuelto que el artículo 96, según ha sido enmendado, es constitucional, y que en un caso de esta naturaleza no puede interponerse como defensa la recriminación.

*(Simonet* v. *Sandoval,* 63 D.P.R. 523; *Núñez* v. *López,* 62 D.P.R. 567; *Pérez Valdivieso* v. *León,* 52 D.P.R. 512). No vemos fin práctico en repetir aquí nuestro razonamiento. La demandada ha radicado un hábil y elaborado alegato; pero después de estudiarlo detenidamente, encontramos que no hay motivo para cambiar nuestra decisión establecida en los casos antes citados. Por tanto a ellos nos adherimos. Véase la anotación " '*Recrimination'* as available defense in suit for divorce based on separation for specified period," 152 A.L.R. 336; *Young* v. *Young,* 178 S.W. (2d) 994 (Ark., 1944).([1]).

La demandada argumenta contra la constitucionalidad de la disposición de la ley al efecto de que "siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio". Pero dicha cuestión no está ante nos. Aquí la mujer era inocente de hecho, y la sentencia así lo dictaminó como cuestión de derecho. En el caso de *Simonet* expresamente dejamos sin resolver la cuestión de si sería constitucional esta disposición de la ley de aplicarse a un esposo que fuera demandante o demandado en un pleito de divorcio y de hecho fuera inocente. Por no estar envuelta en este caso, dicha cuestión continúa sin resolver.

El demandante alegó en la demanda que no había bienes gananciales. La demandada negó esto, alegando que había bienes gananciales ascendentes a más de $40,000. La corte inferior declaró con lugar la moción del demandante

---

([1]) El abogado de la demandada afirma que en ninguno de los casos resueltos anteriormente por esta Corte levantó el demandado la defensa de recriminación. Pero en el caso de *Núñez* la corte de distrito, como resultado del contrainterrogatorio del cual se desprendía el adulterio del esposo durante el período de separación, *sua sponte* dictó sentencia desestimando el pleito por el fundamento de recriminación. Revocamos dicha sentencia, resolviendo que en casos de esta clase la recriminación no es defensa. Ora el demandado interponga la defensa o la corte de distrito a iniciativa propia considere la defensa, el resultado es el mismo: hemos resuelto, no meramente dicho en un *dictum,* que la defensa no procede.

para que se eliminara esta alegación de la contestación. Si bien la demandada señala esta actuación de la corte inferior como errónea, admite que no podría afectar ningún procedimiento posterior con respecto a los alegados bienes gananciales. El error, de haberlo, no fué perjudicial.

La demandada también alega que la corte de distrito cometió error al apreciar la evidencia. Admite que ella y su esposo han vivido separados el necesario número de años. Pero trató de demostrar que durante dicho tiempo ella visitaba ocasionalmente una casa que su esposo poseía en el campo en donde sostenían relaciones maritales. La corte de distrito no dió crédito a esta prueba y resolvió que de toda la evidencia surgió la necesaria separación ininterrumpida. Hay suficiente testimonio en el récord para sostener esta conclusión. Por tanto no estamos en libertad de alterarla.

*La sentencia de la corte de distrito será confirmada.*