JUAN CHARÓN, demandante y apelante, *v.* DOLORES RODRÍGUEZ, demandada y apelada.

Número 10678.

*Sometido:* 1 de octubre de 1952. *Resuelto:* 16 de noviembre de 1953.

*José M. Valentín Esteves,* abogado del apelante; *Vicente Hita, Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Demandó el apelante a su esposa en el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, en solicitud de sentencia declarando roto y disuelto el vínculo matrimonial, alegando como fundamento la causal de separación por más de tres años. Se procedió a juicio, terminando el litigio en dicho tribunal por sentencia declarando con lugar la demanda y decretando el divorcio, pero imponiendo al demandante el pago de las costas y honorarios de abogado. Éste apeló de esa parte de la sentencia, sosteniendo que debemos revocarla, porque habiendo sido la parte victoriosa, el tribunal a quo no podía condenarle al pago de costas y honorarios.[1]

---

[1] La apelada no presentó alegato.
No existen bienes de la sociedad de gananciales.

█ Tiene razón el apelante. De acuerdo con el inciso 9 del artículo 96 del Código Civil, según fué enmendado por la Ley núm. 62 de 29 de abril de 1942 ((1) pág. 583), es causa de divorcio "La separación de ambos cónyuges por un período de tiempo sin interrupción de más de tres (3) años, *Disponiéndose*, que probado satisfactoriamente la separación . . . , al dictarse sentencia siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio".(²)  Basándose en ese *disponiéndose*, y en que la prueba había demostrado que fué el apelante el que causó la separación, el tribunal a quo insertó en la sentencia el pronunciamiento del que éste se queja, bajo la teoría de que por tales razones resultaba ser la parte perdidosa.

En un pleito fundado en esa causal, no puede investigarse cuál de los dos cónyuges ha sido el culpable de la separación, *Valdivieso* v. *León*, 52 D.P.R. 512; *Núñez* v. *López*, 62 D.P.R. 567, y al hacer lo contrario dicho tribunal penetró en campo vedado.  En vista de ello, es manifiesto su error al declarar cónyuge culpable al apelante, por haber llegado a la conclusión de que fué el responsable de la separación.

█ También se equivocó el tribunal sentenciador al resolver que, por razón del *disponiéndose*, debía considerarse al apelante parte perdidosa para los efectos de imponer el pago de las costas y honorarios de abogado.

Debido a que en la acción de divorcio basada en la causal de separación por más de tres años no puede investigarse cuál de los dos cónyuges ha sido el causante de la misma, forzoso era establecer alguna norma para disponer en esa acción de aquellos derechos, que en otras no basadas en esa causal, se ganan o pierden según el resultado del litigio, y con tal propósito y para ese solo fin el legislador ordenó que "al dictarse sentencia siempre se considerará como cónyuge

---

(²) No está envuelta en este caso la constitucionalidad del disponiéndose, cuestión que continúa sin resolver

inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio". De esos derechos trata el Código Civil, y es en cuanto a éstos que surte efecto lo prescrito en el referido *disponiéndose.* (³) Son ellos los que correcta y acertadamente pueden ser considerados como inherentes al carácter de cónyuge inocente. Si el legislador hubiera querido darle a la mujer esa condición para todas las incidencias y consecuencias de la contienda judicial, fácil

(³) El Capítulo V del Título IV del Código Civil, dispone en parte lo siguiente:

"Artículo 105.—El divorcio lleva consigo la ruptura completa del vínculo matrimonial y la separación de propiedad y bienes de todas clases entre los cónyuges.

"Artículo 106.—El cónyuge contra quien la sentencia de divorcio hubiese sido pronunciada perderá todas las donaciones que la otra parte pueda haberle hecho durante el matrimonio o al contraerlo, y el inocente conservará todo lo que hubiese adquirido de la contraria.

"Artículo 107.—En todos los casos de divorcio los hijos menores serán puestos bajo el cuidado y patria potestad de la parte a favor de la cual se hubiere dictado sentencia; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos, en la manera y extensión que acuerde el tribunal al dictar sentencia de divorcio, según los casos.

.  .  .  .  .  .  .  .

"Artículo 109. Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la cuarta parte de los ingresos, rentas o sueldos percibidos.

"Si el divorcio se ha decretado por la causal de separación, la mujer podrá solicitar los alimentos a que se refiere el párrafo anterior, si no cuenta con medios suficientes para vivir.

"La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio, o cuando viva en público concubinato u observare vida licenciosa."

El artículo 761 de dicho Código prescribe, en lo pertinente, que:

"Artículo 761.—El viudo o viuda que al morir su consorte no se hallare divorciado, o lo estuviere por culpa del cónyuge difunto, tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados.

"Si no quedara más que un solo hijo o descendiente legítimo, el viudo o viuda tendrá el usufructo del tercio destinado por la ley a constituir la mejora, conservando aquél la nuda propiedad, hasta que por fallecimiento del cónyuge *supérstite* se consolide en él el dominio.

"Si estuvieren los cónyuges separados por demanda de divorcio, se esperará el resultado del pleito".

le hubiera sido expresarlo.  Lejos de hacerlo, limitó sus efectos al objeto que hemos consignado.

Somos de opinión, que el citado *disponiéndose* no excluye el caso de autos de las prescripciones de la ley sobre la imposición de costas y honorarios, que lo es el artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 411 de 11 de mayo de 1951 ( (1) pág. 1095), y de acuerdo con el cual, "La parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas . . . .", así como honorarios de abogado, si el tribunal sentenciador llega a la conclusión de que la perdidosa ha actuado con temeridad.(⁴)   Lo somos igualmente de que, dentro de la esfera de dicha ley, la sentencia fué dictada a favor del apelante.   Obtuvo éste lo que pedía, que se decretara el divorcio, venciendo a la demandada en cuanto a la única cuestión que en un pleito por la novena causal puede ser objeto de contienda, la existencia del hecho de la separación, según la requiere el estatuto, *Valdivieso* v. *León*, supra; *Núñez* v. *López*, supra, *Simonet* v. *Sandoval*, 63 D.P.R. 523, y que negado por la demandada fué objeto de prueba, llegando el tribunal a quo a la siguiente conclusión: "De los hechos declarados concluímos . . . que el demandante y la demandada han estado separados total e ininterrumpidamente por un período de alrededor de seis años, por lo que el demandante tiene derecho a obtener la disolución de su vínculo matrimonial con la demandada según lo solicita".

No deja de ser el apelante, desde el punto de vista de la ley de costas, la parte a cuyo favor se dictó la sentencia, por

---

(⁴) En diversos casos hemos resuelto que el imponer el pago de costas a la parte perdidosa es imperativo, *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346; *Colón* v. *Asociación Cooperativa Lafayette*, 67 D.P.R. 271; *Maysonet* v. *Sucn. Arcelay*, 70 D.P.R. 167; *Cerra* v. *Motta*, 70 D.P.R. 861; *Autoridad Sobre Hogares* v. *Colón*, 73 D.P.R. 215, y que procede condenarle al pago de honorarios de abogados de haber sido temeraria. Ésa sigue siendo la doctrina.

En el caso de autos se le ordenó al apelante a pagar a la apelada cierta suma de dinero por concepto de *litis expensas*, pero nada hay envuelto en este caso en relación con dicha orden.

la circunstancia de que la acción establecida por él tenga la peculiaridad de no basarse en la falta de ninguna de las partes; y no deja de serlo, porque a pesar de que, como materia de ley, no podía investigarse cuál de los cónyuges había sido el culpable, el apelante en el caso de autos, ejercitó un derecho, a saber, el que se decretara el divorcio por haber existido la separación por más de tres años, y ese derecho le fué reconocido, declarándose con lugar la demanda, y como hemos expuesto, concediéndosele lo que solicitó. Tampoco deja de ser la parte a cuyo favor se dictó la sentencia, porque no obtuviera aquellos derechos que concede el Código Civil a los victoriosos en pleitos de divorcio que no tienen por base la novena causal, toda vez que el apelante sabía al iniciar la acción, que no podía obtenerlos por prohibición expresa de ley. Sólo por mandato de ésta los obtuvo la apelada.

■ En vista de la conclusión a que hemos llegado, la sentencia deberá ser modificada, eliminándose el pronunciamiento sobre costas y honorarios de abogado, y condenando a la parte apelada al pago de las primeras, pero no al pago de los honorarios.(5) *Modificada de ese modo la sentencia apelada, queda confirmada.*

(5) El tribunal a quo llegó a la conclusión de que la apelada no había actuado con temeridad al defenderse.