Silvia Simonet, demandante y apelada, *v.* Otilio Sandoval, demandado y apelante.

Núm. 8806.—*Sometido:* Abril 13, 1944. *Resuelto:* Mayo 1, 1944.

*Eduardo Pérez Casalduc,* abogado del apelante; *Francisco M. Cadilla,* abogado de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Silvia Simonet y Otilio Sandoval contrajeron matrimonio en la ciudad de Nueva York el día 13 de febrero de 1934 y el 24 del mismo mes y año establecieron su domicilio en Puerto Rico.

En noviembre 20 de 1942, la señora Simonet radicó demanda de divorcio contra su esposo, alegando "que el demandado allá para fines del mes de abril del año 1937, *abandonó a la demandante* y desde esa fecha los cónyuges han vivido separados sin interrupción o sea por un período de más de tres años". (Bastardillas nuestras).

Contestó el demandado con una negativa general de los hechos alegados en la demanda, y como defensa especial alegó que la causa de acción que se ejercita fué ya juzgada y resuelta en un pleito anterior seguido por la demandante contra el demandado y resuelto a favor de este último. (60 D.P.R. 686).

Al iniciarse la vista del caso, el abogado de la demandante solicitó y obtuvo de la corte permiso para enmendar el párrafo sexto de la demanda, eliminando las palabras "abandonó a la" e insertando en su lugar las palabras "se separó de la". Hizo constar dicho abogado que la acción que se ejercita se basa en la separación por más de tres años y no en el abandono. Al conceder el permiso, la corte hizo constar que a su juicio la enmienda no envolvía sorpresa alguna para el demandado, toda vez que del conjunto de la demanda original se ve claramente que la acción se basa en la separación; que el objeto de la enmienda no es cambiar la causa de acción y sí aclarar para evitar dudas; y que si el demandado así lo deseaba, la corte podría concederle unos días para contestar la demanda enmendada. Habiéndosele concedido cinco días para contestar, el 23 de febrero de 1943 el demandado contestó negando los hechos de la demanda, interponiendo la defensa de cosa juzgada y alegando que con la eliminación de la palabra "abandonó" del párrafo sexto de la demanda, quedó como única causa de acción la separación de los cónyuges por más de tres años, que es una causa de acción distinta a la de abandono por más de un año; que dicha enmienda era improcedente; y que la demanda enmendada debería ser desestimada por contener una causa de acción distinta.

Celebrada la vista del caso, en abril 7 de 1943, la Corte de Distrito de Arecibo dictó sentencia a favor de la demandante, condenando al demandado al pago de las costas y honorarios. El demandado interpuso el presente recurso y para sostenerlo alega que el tribunal inferior erró al permitir que la

demandante enmendara su demanda variando la causa de acción; y al dictar una sentencia basada en la Ley núm. 62 de 29 de abril de 1942 ((1) pág. 583), que a su juicio es nula por cuanto no concede al demandado un debido proceso de ley antes de privarle por sentencia de divorcio de derechos adquiridos por virtud del matrimonio, en violación de la enmienda 14 de la Constitución Federal y de nuestra Carta Orgánica.

El primer señalamiento carece de méritos. En la demanda original se alegó que para fines del mes de abril de 1937 el demandado *abandonó* a la demandante y que "desde esa fecha los cónyuges han vivido separados sin interrupción o sea por un período de más de tres años". En la enmendada se dice que en la indicada fecha el demandado *se separó* de la demandante y que desde esa fecha han vivido separados el uno del otro por más de tres años, sin interrupción. La causa de acción es en ambos casos la misma. Si el demandado realmente *abandonó* a la demandante en 1937 y continuó viviendo separado de ella por más de tres años, la demandante sin duda alguna tiene derecho a solicitar el divorcio por la causal de separación por más de tres años sin interrupción. Si el demandado *se separó* de la demandante en 1937 y esa separación ha continuado sin interrupción durante más de tres años, la demandante tiene igual derecho al divorcio. El hecho de si la separación de los cónyuges comenzó por el abandono de la mujer por el marido o por mutuo convenio entre ambos carece de importancia en este caso. El hecho esencial es si los cónyuges han vivido separados el uno del otro por el término estatutario y sin interrupción. Ese hecho fué suficientemente alegado y sostenido por la prueba de la demandante, sin que el demandado presentara prueba en contrario.

Para sostener su contención de que la ley que establece el divorcio por separación por más de tres años es anticonstitucional el apelante alega, en síntesis: (*a*) que

dicha ley es nula porque no concede al demandado un debido proceso de ley antes de privarle, como se le ha privado de derechos adquiridos como resultado del matrimonio, tales como el derecho a administrar los bienes gananciales y el derecho a participar en los bienes de la esposa a la muerte de ésta; (b) que la disposición de dicha ley al efecto de que "siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio" y la sentencia dictada en virtud de dicha disposición privan al demandado de los mencionados derechos.

No tiene razón el apelante al decir que se le condenó sin un debido proceso de ley. Él fué debidamente emplazado, contestó la demanda, compareció a juicio y tuvo la oportunidad de confrontarse con los testigos de la demandante.

La demandante alegó y probó satisfactoriamente que ella y su esposo habían vivido separados por más de tres años, sin interrupción. Eso es todo lo que ella estaba obligada a probar, de acuerdo con nuestras decisiones en *Pérez Valdivieso v. León,* 52 D.P.R. 512 y *Núñez v. López,* 62 D.P.R. 567. Y habiendo probado su caso a satisfacción de la corte inferior y obtenido sentencia a su favor, tiene derecho, sin necesidad de la aplicación de la presunción legal impugnada, a que se le considere como parte inocente, con todos los derechos inherentes a esa condición.

El demandado no nos ha colocado en condiciones de que podamos considerar y resolver si la disposición legal por él impugnada infringe alguno de sus derechos constitucionales. Es cierto que en *Núñez v. López,* supra, resolvimos que en casos de divorcio basados en la separación de los cónyuges durante el período estatutario, no era admisible la defensa de recriminación, como lo es en los casos basados en las otras causales reconocidas por el estatuto. En ninguno de los casos citados se levantó la cuestión constitucional. Si el demandado en el presente caso quería plan-

tearla, debió hacerlo ante la corte inferior, empezando por ofrecer ante ella y para ese solo fin la evidencia, si es que alguna tenía, de que él y no la demandante era en realidad la parte inocente de la separación. El demandado no ofreció prueba alguna tendiente a establecer su inocencia y se limitó a ofrecer prueba documental para sostener la insostenible defensa de cosa juzgada. Debemos, pues, reservar nuestra decisión sobre la cuestión constitucional para cuando ésta sea debidamente planteada.

*La sentencia recurrida debe ser confirmada.*