Francisco Godreau Duffau, demandante y apelado, *v.* Antonia Guerrero Manatou, demandada y apelante.

Núm. 9663.—*Sometido:* Enero 21, 1948. *Resuelto:* Enero 27, 1948.

*R. Hernández Matos,* abogado de la apelante; *F. Zapater Martínez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El demandante radicó demanda de divorcio contra su esposa por la causal de separación durante un período ininterrumpido de más de tres años. Ley núm. 62, Leyes de Puerto Rico, 1942 ((1) pág. 583), que enmendó el artículo 96 del Código Civil. Después de un juicio en los méritos se dictó sentencia a favor del demandante. La demandada ha apelado ante este Tribunal. En su alegato el único señalamiento es que la corte inferior cometió error al conceder el divorcio sin haberse probado una separación voluntaria precedida de un mutuo acuerdo de las partes para separarse. El apelado solicita le desestimación del recurso por frívolo.

La apelante descansa en el lenguaje de nuestro estatuto al efecto de que debe existir una separación "de ambos cónyuges" por más de tres años. Pero nada encontramos en ese lenguaje que indique la intención de la Legislatura de que ambos cónyuges deben convenir en la separación.

Nos damos cuenta del conflicto existente en la jurisprudencia en cuanto a si la separación debe venir como resultado de un convenio mutuo. Anotación, 166 A.L.R. 498. Pero cada estado debe decidir la cuestión a la luz de su propio estatuto.

La regla en esta jurisdicción fué claramente expuesta en *Simonet* v. *Sandoval,* 63 D.P.R. 523, 526: "El hecho de si la separación de los cónyuges comenzó por el abandono de la mujer por el marido o por mutuo convenio entre ambos carece de importancia en este caso. El hecho esencial es si los cónyuges han vivido separados el uno del otro por el término estatutario y sin interrupción."

. Sin emplear lenguaje específico a ese efecto, los hechos de varios otros casos demuestran que en ellos llegamos al mismo resultado. En resumen, nuestra doctrina es al efecto de que la causal de separación existe si sólo uno de los cónyuges vive separado del otro con esa intención. *Pérez* v. *León*, 52 D.P.R. 512; *Núñez* v. *López*, 62 D.P.R. 567; *Miranda* v. *Padró*, 66 D.P.R. 130; *Cabrer* v. *Pietri*, 67 D.P.R. 437.

La apelante descansa en nuestro lenguaje del caso de *Núñez* a la pág. 573 de que ''El estatuto asume que las partes han vivido separadas como consecuencia del mutuo propósito de hacerlo así''. Al hablar de lo que el estatuto asume, no establecimos la regla de que las partes deben demostrar un convenio mutuo de vivir separados. Nuestra ley y nuestra jurisprudencia son en sentido contrário.(¹)

*La moción para que se desestime el recurso por frívolo será declarada con lugar.*

---

(¹)Quizá deba añadirse que aquí no nos confrontamos con el problema de la separación debido a que uno de los cónyuges esté recluído en presidio o en un hospital. Véase *Rivera* v. *Cruz*, 67 D.P.R. 770.