# 96 DTA 146

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VII - CAROLINA Y FAJARDO

NIXA IRIS PAGAN MARTINEZ
Demandante-Apelada

v.

MARIANO SEGUNDO LOZANO LOPEZ
Demandado-Apelante

Núm. KLAN-95-01031

[REDACTED]

San Juan, Puerto Rico, a 13 de agosto de 1996

[REDACTED]

Panel integrado por su presidente, la juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

Cabán Castro, Juez Ponente

[REDACTED]

## TEXTO COMPLETO DE LA SENTENCIA

### I

Se nos solicita que revisemos una sentencia dictada el 12 de septiembre de 1994, archivada en autos copia de la notificación el día 28 del mismo mes y año; enmendada *nunc pro tunc* el día 21 de julio de 1995, por el Tribunal de Primera Instancia, Sala de Carolina, notificada y archivada en autos esta última el día 2 de agosto de 1995.

Mediante la primera se declaró con lugar la demanda de divorcio y se decretó roto y disuelto el matrimonio por la causal de adulterio. Por medio de la sentencia enmendada *nunc pro tunc*, el Tribunal reconoció como hecho adicional el que las partes estuvieron separadas de forma continua e ininterrumpida desde el 5 de octubre de 1991.

El apelante señala en su alegato la comisión de los siguientes errores:

*"1. Erró el Tribunal de Instancia al declarar sin lugar la reconvención planteada por el demandado-apelante y no declarar roto y disuelto el matrimonio entre las partes por la causal de separación.*

*2. Erró el Honorable Tribunal al establecer como hecho probado en la sentencia que el testimonio de la parte demandante en síntesis configuró la causal de adulterio y en base a esa determinación declarar con lugar la demanda por la citada causal."*

No le asiste la razón al apelante. Veamos:

Exponemos a continuación un breve resumen de los hechos materiales y procesales del caso, según

surge del expediente y fueron estipulados.

## II

El día 11 de abril de 1980 las partes contrajeron matrimonio. Durante dicho matrimonio procrearon tres hijas, todas menores de edad. El día 5 de octubre de 1991 las partes se separaron. El demandado-apelante abandona el domicilio conyugal. Desde esa fecha las partes no han vuelto a convivir.

El 21 de octubre de 1993, la parte demandante-apelada presenta una demanda donde alega, entre otras cosas, que la parte demandada vive en público concubinato con la señora Andrea Hatckin y además, trata de forma cruel e inhumana, de hecho y de palabra, a la parte demandante, lo que ha dado lugar a que la demandante haya sufrido moral y mentalmente, quedando destruidos en su totalidad los fines legítimos del matrimonio. Por otra parte, solicita al tribunal que declare disuelto el vínculo matrimonial existente entre ellos por la causal de adulterio y trato cruel. Solicita a su vez la custodia de sus hijas.

El 17 de noviembre de 1993, el demandado-apelante, ante el desconocimiento de la demanda radicada por la demandante, radica ante la Sala Superior de Carolina, una demanda de divorcio por la causal de separación. El 4 de enero de 1994 la demandante-apelada es emplazada. El demandado-apelante radica el 14 de enero de 1994, una moción desistiendo sin perjuicio de la demanda en dicho caso.

El 13 de enero de 1994, el demandado recibe citación para la vista de conciliación en el caso radicado por la apelada, a ser celebrada el 20 de enero de dicho año. El día 20 de enero de 1994, la parte demandada radica su contestación a la demanda conjuntamente con una reconvención contra la demandante por la causal de separación. La apelada contesta dicha reconvención el 11 de marzo de 1994, en la cual acepta la separación ininterrumpida por más de dos años.

El día 24 de marzo de 1994, y como consecuencia de lo anterior, el demandado radica una réplica donde solicita que se dicte sentencia a su favor en la reconvención sin entrar a discutir las alegaciones de la demanda, por haberse aceptado la separación por ambas partes.

Se celebra la vista en su fondo el día 9 de junio de 1994. La parte demandante presenta prueba testifical de la propia señora Pagán Martínez. Su testimonio consiste en destacar que habían adquirido bienes gananciales; que permanecieron separados de forma ininterrumpida y continua desde el 5 de octubre de 1991; añade que lo que motiva la ruptura del matrimonio es, que su esposo está enamorado de una compañera de trabajo; expresa que era víctima de agresiones verbales y maltrató de palabra por su esposo. Que recibe llamadas anónimas, mediante las cuales se le informa que su esposo *"andaba con otra"*. Añade que cuando estaba en el hospital durante el parto de su última hija, llama a su residencia y el teléfono permanecía ocupado. Luego corrobora, mediante la factura del teléfono, que se había llamado ese día, a Nueva York, lugar donde residía la señora Andrea Hatckin. Se manifesta en relación a la admisión hecha por el señor Lozano López a ella aceptándole que convivía con la alegada compañera de trabajo. ■

El 12 de septiembre de 1994 se dicta sentencia declarando con lugar la demanda por adulterio y sin lugar la reconvención por separación. Dicha sentencia fue notificada a las partes y archivada en autos copia de dicha notificación, el 28 de septiembre de 1994.

El 13 de octubre de 1994, el demandado radica una moción solicitando reconsideración de la sentencia dictada y que se hiciera determinación de hechos adicional en cuanto a que las partes estuvieron separadas desde el día 5 de octubre de 1991. El tribunal concede quince (15) días a la parte demandante para que sometiera su oposición. El 21 de julio de 1995, el tribunal dicta resolución declarando sin lugar la reconsideración planteada por el demandado, y se notifica la misma el 2 de agosto de 1995. El mismo día 21 de julio de 1995, el tribunal dicta una sentencia *nunc pro tunc*, donde establece como hecho probado que las partes estuvieron separadas desde el 5 de octubre de 1991, la cual fue notificada a las partes el 3 de agosto de 1995.

El 8 de septiembre de 1995, la parte demandada-apelante presenta su escrito en apelación, donde solicita la revisión de la sentencia antes mencionada, que desestima la reconvención por la causal de

separación y declara con lugar la demanda por adulterio.

La parte demandante presenta escrito en Oposición a Recurso de Apelación y Petición de Desestimación el día 9 de octubre de 1995, donde plantea, entre otras cosas, la falta de jurisdicción de este Tribunal por haber transcurrido el tiempo establecido por ley para radicar una apelación.

## III

El Reglamento del Tribunal de Circuito de Apelaciones que entró en vigor el 3 de febrero de 1995, que es el aplicable al caso de autos, expone en su Regla 16:

*"Alegatos en apelación*

*(A) El apelante someterá al Tribunal su alegato, el cual deberá cumplir con las disposiciones de la Regla 31, dentro de los treinta (30) días a partir del perfeccionamiento del recurso mediante el recibo de los autos originales y la exposición narrativa de la prueba o la transcripción de evidencia, según sea el caso."*

La Regla 53.1 de las de Procedimiento Civil del 1979, 32 L.P.R.A. Ap. III R. 53.1 (1983), vigente en la fecha en que se radicó el presente recurso, establece el procedimiento para interponer una apelación:

*"(A) La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso y copia del mismo en la secretaría del tribunal de apelación, **dentro de los treinta días siguientes al archivo en autos de la notificación de la sentencia.**"* (subrayado nuestro).

La Regla 33 (c) del citado Reglamento de este Tribunal añade:

*"Plazos para presentar escritos; prórrogas*

*(C) No se aceptarán escritos; prórrogas fuera de término, a menos que el panel que considera el caso disponga otra cosa, cuando medien circunstancias excepcionales. En caso de términos jurisdiccionales, no se concederá prórroga."*

Al planteamiento de la parte apelada no le asiste la razón. En el caso de autos se solicita la revisión de una Sentencia Enmendada *nunc pro tunc*, el día 21 de julio de 1995 y notificada el 3 de agosto de dicho año. El recurso de apelación fue presentado el 8 de septiembre de 1995. El término, que vencía el sábado, 2 de septiembre, quedó prorrogado debido al paso del Huracán Luis, hasta el próximo día laborable, que fue el 8 de septiembre de 1995, por lo que el Tribunal de Circuito de Apelaciones tiene jurisdicción para entender en este caso.

## IV

Por estar relacionados los señalamientos de error planteados por la parte apelante, procederemos a discutirlos conjuntamente.

El Código Civil, artículo 66 (31 LPRA 221), define la institución del matrimonio como sigue:

*"El matrimonio es una institución; civilmente procede de un contrato civil en virtud del cual un hombre y una mujer se obligan mutuamente a ser esposo y esposa, y a cumplir el uno para con el otro los deberes que la ley les impone. Será válido solamente cuando se celebre y solemnice con arreglo a las prescripciones de aquélla, y sólo podrá disolverse antes de la muerte de los dos cónyuges, en los casos expresamente provistos en este título."*

El matrimonio es la unión legal de un hombre y una mujer para crear una plena comunidad de vida y existencia. Es la base de la familia y de la vida social y, por lo tanto, constituye el eje central de nuestra sociedad; una institución fundamental, ■ de política e interés público por o que corresponde a la Asamblea Legislativa el poder de reglamentar la institución del matrimonio, su celebración, su régimen y disolución. ■

El Código Civil establece los derechos y obligaciones que emanan del vínculo matrimonial. Entre ellos:

*"Los cónyuges están obligados a vivir juntos, guardarse fidelidad y socorrerse mutuamente".* ■

A pesar de que el interés público presupone la estabilidad y permanencia, no impide que el matrimonio sea indisoluble y así lo ha reconocido tanto la Rama Legislativa al señalar causas específicas de divorcio, ■ como la judicial mediante su requerida intervención.

En el caso ante nuestra consideración la parte demandante-apelada es quien solicita el divorcio a su favor, exponiendo la causal de adulterio, ya que es la parte agraviada, quien no ha dado motivos para el divorcio. El demandado-apelante, por otro lado, plantea mediante reconvención, que la verdadera causa para el divorcio lo es la separación. Veamos.

### El divorcio bajo la causal de Separación

Entre las causales de divorcio enumeradas en el artículo 96 del Código Civil, *supra*, se encuentra:

*"(9) la separación de ambos cónyuges por un período de tiempo sin interrupción de más de dos (2) años; disponiéndose que, probado satisfactoriamente la separación por el expresado tiempo de más de dos (2) años, al dictarse sentencia no se considerará a ninguno de los cónyuges inocente ni culpable. Para los efectos de la sec. 2411 de este título, se considerará ambos cónyuges como inocentes.*

*Se considera como causal de divorcio, la separación, en los casos donde los cónyuges han permanecido "separados" por más de dos años ininterrumpidamente. Tienen que estar presentes los siguientes elementos: separación de hecho, por más de dos años e ininterrumpidamente. En esta causal no se determinará la inocencia de ninguno de los cónyuges envueltos."*

En *Cosme v. Marchand, supra*, el Honorable Tribunal expresó:

*"Al interpretar la causal de separación como fundamento para el divorcio, se ha sostenido que -el elemento esencial que hay que considerar es si el marido y la mujer han estado separados el uno del otro, y con esa intención específica, por el término prescrito por ley. Es necesario que cesen su vida conyugal con la intención de interrumpir la vida en común. A esos efectos añadió: La separación como causal de divorcio sólo se configura cuando las partes deciden vivir separados con esa intención. La separación ha de ser pública y notoria."*

Por otro lado, *Núñez v. López*, 62 DPR 567 (1943), señaló: *"La separación que da derecho al divorcio no es, como lo es el abandono, adulterio, o trato cruel, el acto personal, individual y exclusivo de uno de los cónyuges. El estatuto asume que las partes han vivido separadas como consecuencia del mutuo propósito de hacerlo así".*

En el caso que nos ocupa, la separación entre ambos cónyuges fue una de hecho. El señor Lozano López y la señora Pagán Martínez estuvieron separados por más de dos años; término establecido por ley. Bajo este fundamento el señor Lozano López entabló su demanda original y luego la reconvención. Las partes envueltas no decidieron vivir separadas con esa intención, ya que la separación fue la consecuencia del acto culposo del demandante. El señor Lozano López se fue a vivir en público concubinato con una mujer, desvirtuando así la institución marital existente entre ellos. El elemento esencial de que ambas partes han decidido vivir separadas con esa intención, en este caso, no esta presente.

Por otro lado, el demandado expone que la demandante erróneamente invocó la defensa de recriminación. Nuestro Tribunal Supremo a esos efectos planteó en *Ortiz v. Sáez*, 90 DPR 837 (1964), si bien es verdad que la defensa de recriminación no forma parte de nuestro estatuto, es uno de los resultados que produce la necesidad de declarar inocente al cónyuge que no ha dado motivo para romper el vínculo matrimonial. En *Núñez v. López, supra*, se señaló que la defensa de recriminación

está basada en el principio de que *"el divorcio es un remedio para beneficio de uno de los cónyuges agraviados que no ha sido la causa voluntaria y determinante de los actos en que se funda para invocarlo"*.

En el caso que nos ocupa la parte demandante no ha invocado la defensa de recriminación, por el contrario, solicita el divorcio a su favor, ejercitando afirmativamente la causal que tiene disponible a su favor.

El divorcio bajo la causal de adulterio

Nuestro Código Civil dispone en su artículo 96, *supra*, como causal de divorcio:

*"(1) Adulterio de cualquiera de los cónyuges.*

*Se ha reconocido como adulterio la cohabitación sexual de una persona casada con otra que no es su cónyuge.*

*Constituye adulterio cuando uno de los cónyuges tenga acceso carnal con otra persona de distinto sexo que no sea su consorte, mediante un acto voluntario."* ■

En el caso *Catalá v. Calderón, supra*, la demandada abandonó a su esposo para irse a vivir en público concubinato con otra persona. El Tribunal Supremo resolvió que dicha conducta constituye una causa suficiente para decretar el divorcio por adulterio. Se ha entendido por público concubinato el convivir dos personas bajo un mismo techo como si fueran esposos pero sin estar legalmente casados.

Ya que los actos constitutivos de la causal de adulterio ocurren en privado, puede resultar difícil obtener prueba directa de tales actos. No obstante, es posible establecerla por medio de prueba indirecta o circunstancial, como por ejemplo: que había la oportunidad y disposición para cometer el adulterio y que existía una inclinación afectiva o sexual entre ellos. Además, el hecho básico tiene que ser demostrado de propio y personal conocimiento del testigo. ■

Nuestro Tribunal Supremo ha señalado en reiteradas ocasiones: *"Los Tribunales tienen el deber, en casos de tan alto interés público como lo son los de divorcio, de cerciorarse que están presentes los elementos que requiere el estado para disolver la unión entre los cónyuges".* ■

En *Cosme v. Marchand, supra*, el Tribunal Supremo resolvió que: *"El estado no obliga a nadie a vivir maritalmente si existe motivo legal para el divorcio, pero si se solicita ese remedio, el que lo pretende está en el deber de probar la causal que invoque, con evidencia que, de ser creída por el juzgador, tenga el efecto legal de establecerla".*

En *Catalá v. Calderon, supra*, se señalo: *"Este Tribunal Supremo, en diversos casos, ha declarado que se ha de conceder el divorcio por la causal de adulterio cuando se ha probado que la esposa abandonó a su esposo, yéndose a otro nido, viviendo maritalmente con otro hombre".*

En *Ortiz v. Rodríguez, supra*, el Tribunal expresó que las declaraciones de los testigos contestes en afirmar constarles la infidelidad del cónyuge acusado, por haber abandonado la casa conyugal y marchándose a vivir públicamente en concubinato con otra persona, constituyen prueba suficiente del adulterio imputado conforme a las reglas de sana crítica.

Tomando en consideración estos principios de derecho, analicemos los hechos en el presente caso.

La parte demandante-apelada, a través de su testimonio, demostró el hecho del adulterio. Estableció que el demandado vivía en público y notorio concubinato con otra persona que no era su esposa; hecho que el propio demandado admitió y a pesar de que se encontraba presente en la vista, no negó mediante su testimonio esta parte de la prueba ofrecida.

Mediante este hecho quedó plasmada, tanto la oportunidad de cometer el adulterio, como que era

evidente que existía una inclinación afectiva y sexual entre ellos. Este testimonio le mereció entera credibilidad al Tribunal de Primera Instancia, que tuvo ante sí la causa de qué fue lo que realmente destruyó los fines legítimos del matrimonio entre las partes; la separación o el adulterio.

A esos efectos, la Regla 10 de Evidencia en el inciso D establece: *"La evidencia directa de un testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que por ley se disponga otra cosa"*.

En el caso de autos el demandado-apelante fue el que incumplió con sus obligaciones maritales como: vivir juntos, guardarse fidelidad y ayudarse mutuamente actuando en interés de la familia; cuando abandonó el hogar para irse a vivir en público concubinato con la señora Andrea Hatckin, **destruyendo la importante institución del matrimonio** y dejando a sus hijas en una situación injustificada. El hecho de la separación fue parte de las consecuencias y efectos que trajo consigo el acto culposo. Tal actuación es vista en deshonra, menosprecio y descrédito hacia el valor personal, autoestima y dignidad del otro cónyuge, que fue la víctima y parte inocente en el proceso del *"desmoronamiento matrimonial"*. El adulterio consumado ha de ser culpable y moralmente cierto, no consentido o promovido por la parte afectada; está ampliamente censurado, produce una perturbación anímica y familiar de naturaleza tal, que trae como consecuencia la ruptura de la fe prometida en el matrimonio. Es una conducta que además de aniquilar los fines legítimos del matrimonio, genera una situación de sospecha que entorpece e impide la convivencia matrimonial.

## V

Por todo lo anteriormente expuesto, se confirma la sentencia apelada.

El Juez Martínez Torres concurre con el resultado con opinión escrita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 146

**1.** No surge del expediente ante nuestra consideración cuál fue la prueba presentada por el apelante.

**2.** *Cosme v. Marchand,* 121 DPR 225 (1988).

**3.** *Ortiz Ortiz v. Sáez Ortiz,* 90 DPR 837 (1964).

**4.** 31 LPRA 281.

**5.** *Morales v. Vélez,* 75 DPR 960 (1954).

**6.** Véanse: *Ortiz v. Rodríguez,* 4 DPR 52 (1903); *Catalá v. Calderón,* 5 DPR 19 (1903); *Hernández v. Rodríguez,* 76 DPR 838 (1954).

**7.** López Palau, Aspectos legales del divorcio, la separación y la violencia doméstica, First Book Publishing of P.R., 1993, págs. 32-38.

**8.** *Sánchez Cruz v. Torres Figueroa,* 123 DPR 418 (1989).

San Juan, Puerto Rico, a 13 de agosto de 1996

El dictamen que este Tribunal emite hoy, confirma la sentencia de divorcio por adulterio a favor de la demandante-apelada y contra el demandado-apelado, a pesar que este último había presentado una reconvención para que se decretara el divorcio por la causal de separación por más de dos años. Como fundamento, este Tribunal aduce que como las partes se separaron debido al adulterio cometido por el demandado-apelante, no está presente el elemento esencial de que ambas partes hayan decidido intencionalmente vivir separadas. Para sostener su conclusión, la mayoría cita el caso de *Núñez v. López,* 62 D.P.R. 567, 573 (1943). Allí, el Tribunal Supremo de Puerto Rico señaló:

*"La separación que da derecho al divorcio no es, como lo es el abandono, el adulterio o el trato cruel, el acto personal, individual y exclusivo de uno de los cónyuges. El estatuto asume que las partes han vivido separadas como consecuencia del mutuo propósito de hacerlo así."*

El significado de esa frase fue aclarado con posterioridad en *Simonet v. Sandoval,* 63 D.P.R. 523, 526 (1944), donde el Tribunal expresó que:

*"El hecho de si la separación de los cónyuges comenzó por el abandono de la mujer por el marido o por mutuo convenio entre ambos carece de importancia en este caso. El hecho esencial es si los cónyuges han vivido separados el uno del otro por el término estatutario y sin interrupción."*

Finalmente, en *Godreau v. Guerrero,* 68 D.P.R. 88, 89 (1948), el Tribunal resolvió que "nada encontramos en ese lenguaje [del Artículo 96(9) del Código Civil, 31 L.P.R.A. sec. 321(9)] que indique la intención de la Legislatura de que ambos cónyuges deben convenir en la separación." ■ El Tribunal concluyó que *"[e]n resumen, nuestra doctrina es al efecto de que la causal de separación existe si sólo uno de los cónyuges vive separado del otro con esa intención."* Id., pág. 90. Véase también *Cosme v. Marchand,* 121 D.P.R. 225, 235 (1988).

De estas decisiones se desprende que es dudosa la validez teórica de la conclusión de este Tribunal a los efectos de que no procede el divorcio por la causal de separación debido a que la demandante-apelada no se separó con esa intención específica. Por el contrario, al igual que en *Godreau v. Guerrero, supra,* el hecho de que el adulterio del demandado-apelante y su abandono del hogar motivara la separación, no borra el hecho incontrovertido de que al momento de dictarse la sentencia, las partes habían vivido separadas por dos años de forma ininterrumpida. Sin quererlo, la mayoría ha abierto la puerta para negar el divorcio sin culpa a base de una evaluación de la razón para la separación de las partes. Eso es precisamente lo que el Tribunal Supremo ha rechazado. Probado el transcurso de dos años durante los cuales los cónyuges han vivido separados, procede dictar el divorcio como cuestión de derecho sin que se requiera probar la razón para la separación. *Miranda v. Padró,* 66 D.P.R. 130 (1946); *Simonet v. Sandoval, supra.* Es por esto que no puedo unirme a los fundamentos esbozados por la mayoría.

La causal de separación incluida en el Artículo 96(9) de nuestro Código Civil, *supra,* fue adoptada mediante la Ley Núm. 46 de 11 de mayo de 1933. En su momento, nuestra legislación constituyó una legislación de vanguardia. No obstante, requería el transcurso de siete (7) años de vida separada sin interrupción. Ese término fue reducido a tres (3) años mediante la Ley Núm. 62 de 29 de abril de 1942, y finalmente a dos (2) años, mediante la Ley Núm. 11 de 2 de abril de 1971.

Nuestro estatuto tuvo su origen en los estados de la Unión. Al presente, las leyes de al menos diecinueve (19) estados, el Distrito de Columbia y Puerto Rico incluyen la separación como causal de divorcio. Green, Long & Murawski, *Dissolution of Marriage,* Shepard's/McGraw-Hill, Colorado Springs, 1986, Sec. 2.07, pág. 74. ■ Hay tres tipos de leyes de divorcio por separación: (1) Las que requieren que las partes hayan vivido separadas por determinado período de tiempo conforme a un decreto legal previo; (2) las que autorizan el divorcio cuando las partes se han separado voluntaria o intencionalmente, usualmente por acuerdo; y (3) las que proveen para el divorcio tras el mero transcurso del tiempo requerido por ley irrespectivamente de la culpa o los motivos de la separación.

P. Callahan, *The Law of Separation and Divorce,* 4ta ed., Oceana Publications, Dobbs Ferry, N.Y., 1979, pág. 28. Puerto Rico es una de las jurisdicciones con un estatuto perteneciente a la tercera categoría. Por lo tanto, cualquier referencia a la voluntariedad o intención tras la separación, transcurridos dos años, es totalmente improcedente.

Un estudio de la casuística de las jurisdicciones con estatutos parecidos al nuestro nos provee el fundamento correcto por el cual la reconvención por la causal de separación invocada por el demandado no procede. Advertimos que bajo la causal de separación, el tiempo transcurrido luego de instada la demanda puede formar parte del cómputo de los dos años requeridos por ley para que la separación de lugar al divorcio. *McGinley v. McGinley,* 295 S.W.2d 913 (Tex. App.). Eso favorece al demandado-apelante.

Sin embargo, en situaciones similares a las que nos ocupa, se ha resuelto que la demanda principal tiene preferencia sobre la reconvención. Por lo tanto, si la parte demandante prueba su causal culposa de divorcio, se ha reconocido que el tribunal tiene discreción para dictar sentencia a su favor y desestimar la reconvención instada bajo una causal sin culpa *("no-fault"). Lee v. Lee,* 343 So.2d 425 (La. App. 1977); *Cox v. Cox,* 341 So.2d 1351 (La. App. 1977); *Perry v. Perry,* 207 So.2d 819 (La. App. 1968); *McCaa v. McCaa,* 163 So.2d 434 (La. App. 1964). En Perry, *supra,* prevalecieron las demandas principales por separación sobre las reconvenciones por adulterio. Por su parte, en *McCaa, supra,* un caso similar al de epígrafe, prevaleció la demanda principal de adulterio sobre la reconvención por separación.

Por otro lado, otras jurisdicciones estatales han reconocido la discreción del tribunal para descartar la demanda principal o la reconvención por una causal culposa y dictar sentencia por una causal no culposa debidamente probada. *Herring v. Herring,* 235 S.E.2d 485 (Ga. 1977); *Loftis v. Loftis,* 225 S.E.2d 685 (Ga. 1976); *Robertson v. Robertson,* 211 S.E.2d 41 (Va. 1975).

A pesar de resultados tan encontrados, todas estas decisiones tienen un fundamento común: el tribunal sentenciador tiene discreción para decretar el divorcio bajo cualquiera de las causales instadas. Así pues, en el caso que nos ocupa, el Tribunal de Primera Instancia tenía discreción para decretar el divorcio por adulterio según lo solicitó la demandante-apelada Pagán Martínez, o por separación según solicitó el demandado-apelante Lozano López en su reconvención. Como no se ha demostrado que el tribunal abusara de su discreción al dictar la sentencia de divorcio, procede la confirmación del dictamen objeto de este recurso.

A base de este fundamento, distinto al esbozado por la mayoría, concurro con la Sentencia confirmatoria que en el día de hoy emite este Tribunal.

**RAFAEL L. MARTINEZ TORRES**
**Juez de Apelaciones**

**ESCOLIOS OPINION CONCURRENTE DEL JUEZ DE
APELACIONES SR. MARTINEZ TORRES — 96 DTA 146**

**1.** Dispone:

*"§ 321. Causas de divorcio*

*Las causas del divorcio son:*

*(1)...........*

*(9) La separación de ambos cónyuges por un período de tiempo sin interrupción de más de dos (2) años. Probado satisfactoriamente la separación por el expresado tiempo de más de dos (2) años, al dictarse sentencia no se considerará a ninguno de los cónyuges inocente ni culpable...."*

**2.** Estas jurisdicciones son: Arkansas (3 años); Connecticut (12 meses 6 a 18 meses por incompatibilidad); el Distrito de Columbia (6 meses por separación voluntaria, 1 año por separación involuntaria); Hawaii (2 años); Idaho (5 años); Illinois (6

meses por separación voluntaria, 2 años por separación involuntaria si existe ruptura irreparable del matrimonio); Louisiana (1 año); Maryland (1 año por separación voluntaria, 2 años por separación involuntaria); Nevada (1 año); New Hampshire (2 años bajo circunstancias especiales); New Jersey (18 meses); North Carolina (1 año); Ohio (1 año); Pennsylvania (3 años si existe ruptura irreparable del matrimonio); Puerto Rico (2 años); Rhode Island (3 años); South Carolina (1 año); Texas (3 años); Vermont (6 meses); Virginia (1 año, 6 meses si no hay hijos menores de edad); West Virginia (1 año).