Gilberto Gierbolini, Juez Ponente
*1090 TEXTO COMPLETO DE LA SENTENCIA
Miriam B. Otero Prann (Otero), nos solicita mediante recurso de apelación presentado el 22 de mayo de 1996, que revoquemos la Sentencia Parcial emitida y notificada el 25 de abril de 1996 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, Hon. Luis G. Quiñones, Juez. Dicha Sentencia Parcial decreta el divorcio entre la apelante y Javier Delbrey Rivera (Delbrey), por la causal de separación y permite la continuación del desfile de prueba para los efectos de adjudicar la patria potestad y custodia de los dos hijos menores procreados durante el matrimonio.
La parte demandada-apelada compareció en Oposición el 21 de junio de 1996 y posteriormente en Solicitud de Desestimación. Otero presentó su Oposición a esta solicitud el 5 de julio de 1996.
A la luz del derecho aplicable y la jurisprudencia interpretativa, examinamos los planteamientos de ambas partes y decidimos CONFIRMAR la Sentencia Parcial.
I
Otero y Delbrey contrajeron matrimonio el 18 de enero de 1986. Durante el matrimonio procrearon dos hijos, Carem Marlyan y Javier Andrés.
El 27 de julio de 1993, Otero presentó demanda de divorcio por la causal de trato cruel. Ella alegó que el demandado abusaba sexualmente de sus hijos y la maltrataba emocionalmente mediante humillaciones y rechazos constantes, todo lo cual la llevó a abandonar la residencia matrimonial en junio de 1993. En la demanda, Otero solicitó la patria potestad y custodia de los hijos, la prohibición de relaciones paterno-filiales y una pensión alimenticia de $1,500 mensuales.
Delbrey contestó la demanda el 12 de agosto de 1993. El demandado negó haber abusado sexualmente de sus hijos e insinuó que la demandante padecía de sus facultades mentales. Conjuntamente, Delbrey presentó una reconvención por la causal de trato cruel, constituido por las imputaciones hechas por la demandante. En dicha reconvención el demandado solicitó la patria potestad y custodia de los menores así como la rebaja de la pensión alimenticia reclamada.
Transcurridos dos años de haberse iniciado el pleito, el demandado presentó el 5 de junio de 1995 una moción para enmendar la contestación y la reconvención a los efectos de invocar la causal de separación. A pesar de la oposición de Otero, el tribunal de instancia emitió Resolución el 12 de septiembre de 1995 en la cual aprobó la enmienda solicitada.
El 8 de septiembre de 1995, las partes presentaron su Informe sobre Conferencia Preliminar entre Abogados. En dicho informe, Otero adicionó como causal de divorcio el conato para corromper o prostituir a los hijos. Delbrey, por sil parte, negó dicha causal, reiteró la existencia de la causal de separación y añadió como causal el adulterio. La defensora judicial de los menores sostuvo que, ante las alegaciones de abuso sexual, era necesario establecer si ellos podían tener relación con su padre tras el divorcio y si era necesaria la supervisión de esas relaciones paterno-filiales.
Tras la aprobación de la enmienda para añadir la causal de separación, Delbrey solicitó al tribunal que desestimara la alegación de abuso sexual ya que había sido absuelto en el caso criminal por actos lascivos, instado en su contra a causa de las alegaciones de Otero. El tribunal de instancia acogió la moción y el 2 de octubre de 1995 determinó que no habría desfile de prueba en cuanto a abuso sexual para demostrar trato cruel.
*1091 De dicha Resolución, Otero acudió ante este Tribunal mediante recurso de certiorari, Núm. KLCE-95-00861. Este Tribunal, tras celebrar una vista el 13 de enero de 1996, emitió Sentencia el 17 de enero de 1996 en la cual determinó que la demandante tenía derecho-a presentar evidencia sobre abuso sexual, para probar la causal de divorcio por trato cruel. A base de las alegaciones de abuso sexual a los niños, este Tribunal ordenó a instancia que dilucidara conjuntamente el divorcio y la patria potestad y custodia en un mismo procedimiento.
El juicio en su fondo comenzó el 29 de enero de 1996 con el testimonio de Otero. El 30 de enero de 1996 Delbrey solicitó la anotación de la rebeldía de la demandante por no haber esbozado una alegación responsiva con respecto a las enmiendas hechas a la reconvención. El tribunal de instancia ordenó a Otero el 2 de febrero de 1996 contestar dentro de cinco días. En cumplimiento de la orden, ésta presentó su contestación el 8 de febrero en la misma negó las alegaciones de adulterio y aceptó que con el devenir del tiempo desde la presentación de la demanda "...se ha configurado una nueva causal de divorcio, la separación," Párrafo 4 de la Contestación.
Así las cosas, el tribunal de instancia emitió Sentencia Parcial el 25 de abril de 1996, decretando el divorcio entre las partes bajo la causal de separación. No obstante, aclaró que continuaría el desfile de prueba con respecto al alegado abuso sexual del padre contra sus hijos para emitir su determinación en lo relacionado con la patria potestad y custodia de los menores.
Inconforme, Otero solicitó la reconsideración el 2 de mayo de 1996. En su Moción, la demandante argumentó que el divorcio debía ser decretado por la causal invocada en la demanda, ya que la evidencia testifical hasta entonces presentada probaba la existencia de trato cruel. Otero, además, invocó la orden emitida por el Tribunal de Circuito de Apelaciones a los efectos de que instancia dilucidara conjuntamente el divorcio y la patria potestad. Por otra parte, en Moción separada presentada en la misma fecha, la demandante solicitó al tribunal que aclarara en su Sentencia Parcial cuál era el informe social cuyas recomendaciones ordenaba a las partes acatar para efectos de determinar las relaciones patemo-filiales.
Sobre este particular, el demandado también solicitó aclaración, mediante Moción del 6 de mayo de 1996, en la que además reclamaba poder desfilar su pmeba antes de la adjudicación de la patria potestad.
El 14 y 15 de mayo de 1996 el tribunal a quo emitió sendas Resoluciones. La primera disponía:
El Tribunal dictó sentencia parcial decretando el divorcio de las partes por el [sic] causal de separación; una vez divorciadas las partes el Tribunal asumía que las partes y sus abogados con el espíritu de buena voluntad y cooperación que distingue a ambas, podrían estipular el contenido del Informe Social preparado por Relaciones de Familia, (el cual no me ha radicado todavía) para así simplificar los planteamientos que quedan pendientes en cuanto a custodia, patria potestad y relaciones patemo-filiales, (Resolución, 14 de mayo de 1996).
La Resolución del 15 de mayo informa sobre las fechas establecidas para la continuación del juicio.
No obstante, Otero acudió ante este Tribunal en recurso de apelación el 22 de mayo de 1996. En este escrito argumenta que el tribunal de instancia contravino la Sentencia emitida por este Tribunal en el recurso de ceniorari Núm. KLCE-95-00861; que le privó de su derecho a ser oída al decretar el divorcio por separación sin terminar el desfile de pmeba; y que el testimonio que sí había sido desfilado demostró trato cruel. Por ello, solicita que revoquemos la Sentencia Parcial y ordenemos la continuación del juicio en su fondo sobre divorcio, patria potestad, custodia, relaciones patemo-filiales y pensión alimenticia para los hijos y ex-cónyuge.
En oposición presentada el 21 de junio de 1996, Delbrey sostiene que Otero no probó que el alegado abuso sexual a los hijos constituyó trato cruel hacia su persona. El apelado, además, solicitó el 25 de junio de 1996 la desestimación del recurso por entender que no cumple con las Reglas 19 y 20 del Reglamento del Tribunal de Circuito de Apelaciones, relativas a la exposición de la pmeba. La apelante compareció el 5 de julio de 1996 en oposición a esa moción y adujo que no era necesario el *1092 cumplimiento de dichas reglas porque el error invocado en su apelación era uno de derecho y no en cuanto a la apreciación de la prueba.
II
La norma que permea todo el ordenamiento procesal es garantizar una "solución justa, rápida y económica de todo procedimiento", 32 L.P.R.A., Ap. III, Regla 1. Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445, 449 (1977); Key Nieves v. Oyola Nieves, 116 D.P.R. 261, 268 (1985); Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989). Para lograr dicho propósito, las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, otorgan amplia discreción y control al juez que preside el juicio para ordenar el curso del desfile de la prueba:
"El juez que preside un juicio o vista tendrá control y amplia discreción sobre el modo en que la evidencia es presentada y los testigos son interrogados con miras a que la evidencia sea presentada en la forma más efectiva posible para el esclarecimiento de la verdad, velando por la mayor rapidez de los procedimientos y evitando dilaciones innecesarias." (32 L.P.R.A. Ap. IV, Regla 43).
La actuación del tribunal recurrido debe ser examinada a la luz de estos principios generales.
En Puerto Rico, el matrimonio sólo puede ser disuelto por una de las causas que establece el Artículo 95 del Código Civil: la muerte de uno de los cónyuges, el divorcio o la declaración de nulidad del matrimonio, 31 L.P.R.A. Sección 301. Entre las causas de divorcio que enumera el Código en el Artículo 96, 31 L.P.R.A. Sección 321, figura la separación:

"Las causas de divorcio son:

...(9) La separación de ambos cónyuges por un período de tiempo sin interrupción de más de dos (2) años. Probada satisfactoriamente la separación por el expresado tiempo de más de dos (2) años, al dictarse sentencia no se considerará a ninguno de los cónyuges inocente ni culpable."

A pesar de haber admitido la configuración de la causal de divorcio, la apelante sostiene que en su caso no aplica la causal de separación porque el período de dos años transcurrió mientras era dilucidado el pleito de divorcio. Sin embargo, encontramos que tal excepción no encuentra apoyo en el texto del citado artículo. Más bien, el artículo ofrece unos parámetros objetivos, ampliamente discutidos por la jurisprudencia, dentro de los cuales queda configurada la causal.
El elemento esencial a considerar al interpretar la causal de separación como fundamento para el divorcio es si los cónyuges han vivido separados, el uno del otro, por el término prescrito por ley, Cosme v. Marchand, 121 D.P.R. 225, 234 (1988); Godreau v. Guerrero, 68 D.P.R. 88 (1948); Pérez Valdivieso v. León, 52 D.P.R. 512 (1938). Para que exista la causal de separación nuestra doctrina requiere que al ocurrir la separación, al menos uno de los cónyuges tenga la intención de interrumpir la vida en común, Cosme v. Marchand, supra, página 235.
En el caso de autos, surge del expediente que el cese efectivo de la convivencia conyugal tuvo lugar el 1 de junio de 1993. También surge que desde entonces han transcurrido más de dos años de separación pública e ininterrumpida, sin que las partes reanudaran su vida conyugal.
Una vez admitida la separación por Otero el 8 de febrero de 1996 en su Contestación a la reconvención, coincidimos con el tribunal de instancia en que está configurada la causal de separación y que, por tanto, en términos sustantivos, procedía declarar disuelto el vínculo matrimonial. /
Otero, sin embargo, señala como error que la Sentencia Parcial es contraria a las directrices establecidas por este Tribunal mediante su Sentencia en el caso Núm. KLCE-95-00861. No obstante, concluimos que la decisión del juez de instancia de emitir Sentencia Parcial encuentra apoyo en el ordenamiento procesal y resulta adecuada al desarrollo del pleito ante su consideración.
Al 17 de enero de 1996, cuando este Tribunal emitió la referida Sentencia, la situación de hechos era distinta a la que posteriormente tuvo ante sí el tribunal de instancia al tomar su decisión. Al ser emitida la Sentencia de este Tribunal, no constaba en el récord la admisión de Otero en cuanto a la *1093 configuración de la causal de separación. No es hasta después de que tuvo inicio la vista, que Delfarey solicita la anotación de rebeldía en cuanto a las enmiendas hechas a la reconvención. El tribunal de instancia, concedió término breve para contestar, con lo cual Otero cumplió el 8 de febrero de 1996 al aceptar la alegación en cuanto a la separación. Esta situación .--en que una parte alega la existencia de una causal de divorcio, la otra lo acepta, y resta por resolver la patria potestad— ya difería de la que tuvo ante sí el Tribunal de Circuito de Apelaciones al emitir su Sentencia. El desarrollo del litigio ameritaba tomar una actuación distinta a la ordenada, pero enmarcada dentro de las alternativas dispuestas por las Reglas de Procedimiento Civil, supra, como lo es la separación de controversias provista en la Regla 38.2:

"El tribunal por razón de conveniencia, o para evitar perjuicios o para evitar gastos innecesarios, o para facilitar la más pronta terminación del litigio, podrá ordenar \in juicio por separado de cualesquiera demandas, demandas contra coparte, reconvenciones, demandas contra tercero, o de cualesquiera cuestiones litigiosas independientes, y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 44.3."

Esta Regla provee un medio para que los tribunales, en situaciones apropiadas, puedan ejercer control sobre los procedimientos de modo que logren una solución justa, rápida y económica, "El propósito primordial de la Regla 38.2 es aligerar la adjudicación de todo el caso, (citas omitidas). Por eso, cuando la separación del juicio trae como consecuencia que el procedimiento se aligere o sea más económico, el tribunal debe motu proprio o a petición de parte separar las reclamaciones o controversias, según fuere el caso," Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838, 858 (1986), (énfasis suplido).
Aunque el tribunal de instancia tiene amplia discreción en ordenar juicio por separado, sin embargo, no debe hacerlo a menos que sea realmente necesario para promover una solución más justa, rápida y económica, ya que la norma general es evitar la litigación fragmentada de las controversias en un pleito, Zorniak v. Cessna, 92 J.T.S. 167, página 10185. Por eso, desde Vellón v. Squibb, supra, el Tribunal Supremo señaló los factores a ser considerados por el tribunal antes de separar cuestiones litigiosas:
"1) si resolver la controversia dispondría del caso o de una parte sustancial del mismo...; 2) si la prueba para resolver una controversia es independiente a la de los demás asuntos; 3) si la controversia o la prueba necesaria para adjudicar algunas de esas controversias están muy relacionadas entre sí; 4) si el procedimiento al separarse las controversias resulta más rápido o económico según la experiencia general. (Vellón v. Squibb, supra, página 859, según citado en Zorniak v. Cessna, supra, página 10185)."
Al evaluar estos factores, estimamos que en efecto la adjudicación del divorcio por la causal de separación resulta separable del resto de los asuntos pendientes (patria potestad, custodia, relaciones patemo-filiales y pensiones alimenticias). Por ello, y en vista de que los tribunales de instancia tienen amplia discreción al ordenar o denegar un juicio por separado, este Tribunal no intervendrá con dicha determinación, Zorniak v. Cessna, supra, página 10185. Véase, además, Rivera Rivera v. Insular Wire, 96 J.T.S. 76, página 1173.
La Sentencia Parcial recurrida cita en su apoyo la Regla 36.4 de Procedimiento Civil, relativa a las sentencias sumarias parciales. Aunque entendemos que tal regla no era la disposición aplicable, porque no hubo moción a esos efectos, tal parece que el tribunal de instancia acogió la solicitud de anotación de rebeldía hecha por el demandado-reconvencionista como una moción en solicitud de sentencia sumaria. De cualquier modo, el resultado no varía y procede confirmar pues "la revisión se da contra la sentencia y no sus fundamentos." Casiano v. Borintex, 93 J.T.S. 55, página 10606; Zorniak v. Cessna, supra, página 10185; El Vocero v. Junta de Planificación, 121 D.P.R. 115, 126 (1988); Sánchez v. Eastern Air Lines, 114 D.P.R. 691 (1983).
Otero sostiene que fue privada de su derecho a ser oída porque no había terminado su desfile de pmeba en cuanto a las alegaciones de abuso sexual por parte de Delbrey hacía los hijos de ambos. La sentencia recurrida, sin embargo, dispone específicamente que: "Esta sentencia bajo ninguna circunstancia impide que se continúe con la prueba sobre el alegado abuso sexual para determinar la *1094 patria potestad de los niños." Más aún, en sus Resoluciones posteriores a la Sentencia Parcial el tribunal ya había señalado fecha para la continuación de los procedimientos, por lo que Otero podrá ejercer efectivamente su derecho.
Finalmente, debemos recordar que las etapas restantes de este pleito deberán ser llevadas a cabo a la mayor brevedad posible, dado que la patria potestad es inherente a los padres y un derecho fundamental cié ambos, Galarza Rivera v. Mercado, 95 J.T.S. 164, página 420. No obstante, ante las alegaciones de abuso sexual, el tribunal de instancia deberá ser cauteloso al apreciar la prueba y tomar su determinación en consideración al bienestar de los menores.
III
En virtud de todo lo anterior, CONFIRMAMOS la Sentencia Parcial recurrida y DEVOLVEMOS el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para procedimientos ulteriores compatibles con lo aquí expuesto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General